IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHILADELPHIA PROFESSIONAL COLLECTIONS LLC | : | |
| v. | : | CIVIL ACTION NO. 21-5476 |
| CRAWL SPACE DOOR SYSTEM, INC. *doing business as* CRAWL SPACE DOOR SYSTEMS, INC. | : | |

### ORDER

This 3rd day of June, 2022, for the reasons that follow, it is hereby **ORDERED** that Defendant Crawl Space Door System's Second Motion to Transfer Venue, ECF 13, is **DENIED**.

The pertinent analysis is set forth in my Memorandum of February 3, 2022, addressing the previous motion to transfer. ECF 7. On May 11, Defendant filed a malpractice action in the Eastern District of Virginia against White and Williams, the law firm on whose behalf Plaintiff Philadelphia Professional Collections LLC has sued for unpaid legal bills. *Crawl Space Door System, Inc. v. White & Williams, LLP*, No. 2:22-cv-199 (E.D. Va. May 11, 2022). The filing of that action does not alter this Court's analysis of the factors from *Jumara v. State Farm,* 55 F.3d 873, 879 (3d Cir. 1995), assessing the public and private interests pertinent to a motion to transfer venue, or the conclusion that Defendant has failed to show that the strong presumption that plaintiff's forum preference governs should be disturbed, *see Shutte v. Armco Steel Corp.,* 431 F.2d 22, 25 (3d Cir. 1970).

Defendant preemptively addresses the "first-filed" rule, under which a court will ordinarily enjoin, transfer, or stay duplicative second-filed actions. *Chavez v. Dole Food Co., Inc.,* 836 F.3d 205, 216-217 (3d Cir. 2016). That is a matter for Eastern District of Virginia to



address, but the equitable factors pertinent to the application of that rule weigh against the Defendant here, because it is the party that appears to be engaged in forum shopping.

Defendant suggests that White and Williams may have filed its bill collection action in this district "in anticipation of imminent judicial proceedings," but more than five months have elapsed since this action was brought, well outside the range of "imminent." A defense of malpractice was not asserted either in the Answer filed in December 2021, ECF 3, or the Rule 16 conference held in March 2022, ECF 12, and the deadline for fact discovery will expire in five days, ECF 11. Proof of service has not been docketed in the Virginia action, and it is not clear whether there will be a challenge to jurisdiction. The underlying matter was tried in October 2019, and according to the Complaint Defendant had retained new counsel by October 2020, yet no malpractice claim was brought until now. Defendant's delayed filing of parallel litigation in its preferred forum thus does not affect the balance of convenience in a way that "strongly favors transfer."

/s/ Gerald Austin McHugh
United States District Judge