IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Norfolk Division)

| | |
|---|---|
| **CRAWL SPACE DOOR SYSTEM, INC.** ) | |
| **d/b/a CRAWL SPACE DOOR SYSTEMS, INC.** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Civil Action No.: 2:22-cv-199-RCY/LRL** |
| ) | |
| **WHITE AND WILLIAMS, LLP.** ) | |
| ) | |
| **Defendant.** ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO DISQUALIFY
PLAINTIFF'S COUNSEL**

Defendant White and Williams, LLP files this Memorandum in Support of its Motion to Disqualify Duncan G. Byers, Esq. ("Byers") as counsel for plaintiff Crawl Space Door System, Inc. d/b/a Crawl Space Door Systems, Inc. ("Crawl Space") in this action, and states as follows:

### I. BACKGROUND

Crawl Space has filed this legal malpractice action against the law firm White and Williams arising out of the firm's representation of Crawl Space in litigation filed by Smart Vent Products, Inc. in the U.S. District Court for the District of New Jersey, Case No. 1:13-cv-5691 ("NJ Action") (Am. Compl., ¶ 1). Crawl Space contacted Michael Onufrak, formerly a partner at White and Williams, seeking representation in the NJ Action and retained the firm as its counsel on October 26, 2015 (Am. Compl., ¶ 20).[1] White and Williams attorneys Siobhan K. Cole, Justin E. Proper and Morgan S. Birch appeared as counsel for Crawl Space in the NJ Action (Am. Compl., ¶¶ 21, 23, 24).

---

[1] Crawl Space was initially represented by Rivkin Radler LLP until the firm withdrew its appearance. (Am. Compl. ¶ 20).

1

Smart Vent had sued Crawl Space for unfair competition under the Lanham Act; under New Jersey statutes and common law; for negligent misrepresentation and for federal trademark infringement (Am. Compl. ¶¶ 2, 17, 18). Crawl Space filed a Counterclaim for false advertising, unfair competition, and trademark cancellation (Am. Compl., ¶ 19). The trial of the case resulted in a verdict in favor of Crawl Space and an award of $300,000 on its Counterclaim against Smart Vent.[2]

On June 18, 2019, months prior to the trial in the NJ Action, which commenced on October 7, 2019, Crawl Space filed a separate suit against Smart Vent in this Court, Case No. 2:19-cv-320, seeking damages for alleged violations of the Sherman Antitrust Act, which it claimed were not recoverable in the NJ Action (Am. Compl, ¶¶ 4, 5, 26, 31). Attorney Byers was the "other" counsel for Crawl Space in the Virginia litigation (Am. Compl. ¶ 26).

The gist of the instant malpractice claim is that White and Williams allegedly presented arguments at the trial in the NJ Action that effectively "preempted" the Virginia antitrust case and forcing its dismissal (Am. Compl, ¶¶ 7, 8, 32-45). In the instant case, while appearing as counsel for Crawl Space, Byers fails to disclose is that he also participated in the defense of Crawl Space in the NJ Action as well as representing it in the Virginia antitrust case, so that he is a necessary witness in the instant case and could in fact be liable to Crawl Space in the event it is entitled to any recovery.[3]

Byers became involved in the NJ Action around April or May 2019 at the request of William Sykes, Crawl Space's owner (*See* Affidavit of Siobhan K. Cole, attached as Ex. A).

---

[2] Despite the successful result, Crawl Space failed to pay its legal fees resulting in a collection action filed on behalf of White and Williams, which is currently pending in the U.S. District Court for the Eastern District of Pennsylvania, Case No.: 2:21-cv-5476. Attorney Byers is representing Crawl Space in that action.

[3] White and Williams maintains that the Amended Complaint has no merit whatsoever, and denies any and all liability for the allegations contained therein.

Since Byers had experience in the engineering field, he initially consulted and assisted with the expert issues, and helped to devise a strategy for motions *in limine* and trial. Byers reviewed all of the expert reports, motions *in limine* filed by the parties, all of the pre-trial filings submitted by both parties and numerous other case documents (Id.). Byers was intimately involved in the case strategy and trial preparation, and participated in numerous communications with White and Williams and Crawl Space, even traveling to Philadelphia on July 14 and 15, 2019 to meet with the White and Williams lawyers to work on trial and expert strategy (Id.).

Throughout the next three months leading up to the trial in October 2019, Byers had numerous meetings with all the engineering experts in the case; he was provided copies of all case filings including a list of all exhibits; and he was apprised of all witnesses and planned testimony (Id.). During the trial, Byers was provided with daily transcripts of the trial testimony, and regularly provided White and Williams with his input (Id.). After the close of the trial in late October 2019, Byers took the lead role in drafting all of Crawl Space's post-trial motions and briefing, as well as responding to all motions and briefs filed by Smart Vent (Id.).

Byers' involvement was substantial, making him a participant in and witness to the trial strategy and legal services that Crawl Space now complains of. Based on the history of Byers' advocacy and his status as a fact witness to relevant events, the prejudice to White and Williams from Byers' current adversarial role against the firm is manifest.

**II.      ARGUMENT**

The Virginia Rules of Professional Conduct govern Byers' practice in this Court. United States v. Cline, No. 1:12-CR-00044, 2013 WL 2156544, at *2 n.1 (W.D. Va. Apr. 19, 2013). Apr. 19, 2013). Specifically, Rule 3.7, which states:

> (a)    A lawyer shall not act as an advocate in an adversarial proceeding in which the lawyer is likely to be a necessary witness except where:

>> (1) the testimony relates to an uncontested issue;
>> (2) the testimony relates to the nature and value of legal services rendered in the case; or
>> (3) disqualification of the lawyer would work substantial hardship on the client.
>
> (b) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that the lawyer may be called as a witness other than on behalf of the client, the lawyer may continue the representation until it is apparent that the testimony is or may be prejudicial to the client.
>
> (c) A lawyer may act as advocate in an adversarial proceeding in which another lawyer in the lawyer's firm is likely to be called as witness unless precluded from doing so by Rule 1.7 or 1.9.

Va. Rules of Prof. Conduct, Rule 3.7 (2000)

The Fourth Circuit holds that "[t]he roles of witness and advocate are fundamentally inconsistent and when ... a lawyer ought to testify as a witness for his client, he must as a rule withdraw from advocacy." United States v. Fowler, No. 5:14-CR-00058, 2016 WL 958735, at *2 (W.D. Va. Mar. 8, 2016); citing Int'l Woodworkers of Am. v. Chesapeake Bay Plywood Corp., 659 F.2d 1259, 1273 (4th Cir. 1981). "Where the question arises, doubts should be resolved in favor of the lawyer testifying and against his becoming or continuing as an advocate." Id. at 1273 n.21 (citing Ethical Consideration 5-9). Moreover, "[a]n actual conflict of interest exists when the attorney ha[s] independent information about facts in controversy relating to his client and would, therefore, be faced with the possibility of testifying." United States v. Franklin, 177 F. Supp. 2d 459, 467 (E.D. Va. 2001) (citing United States v. Urbana, 770 F. Supp. 1552, 1559 (S.D. Fla. 1991) (finding an actual conflict where defense counsel could "offer testimony severely undermining the credibility of the government's star witness" and "[i]nasmuch [the attorney] can offer testimony about material issues in the case, he is precluded from appearing as trial counsel").

Byers' role as co-counsel for Crawl Space along with White and Williams in the NJ Action, and his failed prosecution of the Virginia antitrust case present a clear conflict of interest, and his

misguided combination of roles prejudices the rights of White and Williams in this litigation. Byers has personal knowledge of relevant events in the NJ Action as he participated as counsel in that case, including trial strategy. He cannot properly make arguments as an advocate in this action based on his own personal knowledge, which is a clear violation of Professional Rule 3.7.

Further, no exceptions to Rule 3.7 apply. The first exception for testimony that relates to an uncontested issue is clearly inapplicable as Byers' expected testimony goes to the heart of the allegations in the Amended Complaint. Crawl Space seeks to hold White and Williams accountable for trial strategy and arguments presented – strategy that Byers contributed to as co-counsel. The second exception is not at issue, as the testimony does not relate to the nature and value of legal services rendered in the case. The third exception only applies where disqualification of the lawyer would work substantial hardship on the client. Here, the case is at its inception, so that Crawl Space has ample time to retain substitute counsel. The balance of interests in this matter weigh heavily in favor of the disqualification of Byers as counsel in this action.

WHEREFORE, for the foregoing reasons, defendant White and Williams, LLP, respectfully requests that this Court grant its Motion to Disqualify and enter an Order disqualifying attorney Duncan G. Byers as counsel for Crawl Space in this action and award White and Williams its costs in filing this Motion, including a reasonable attorney's fee.

**WHITE AND WILLIAMS, LLP**

By: /s/ David D. Hudgins_____
    Counsel

David D. Hudgins, Esquire; VA Bar No. 20602
HUDGINS LAW FIRM, P.C.
2331 Mill Road, Suite 100
Alexandria, Virginia 22314
(703) 739-3300
dhudgins@hudginslawfirm.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 19th day of July, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notification of such filing to:

Duncan G. Byers, Esq.
Patten, Wornom, Hatten & Diamonstein
12350 Jefferson Ave., Suite 300
Newport News, VA 23602
dbyers@pwhd.com

                                                 /s/ David D. Hudgins
                                                 Counsel