IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Norfolk Division)

CRAWL SPACE DOOR SYSTEM, INC.    )
d/b/a CRAWL SPACE DOOR SYSTEMS, INC. )
                             )
      **Plaintiff,**             )
                             )
**v.**                        )  **Civil Action No.: 2:22-cv-199-RCY**
                             )
**WHITE AND WILLIAMS, LLP.**      )
                             )
      **Defendant.**          )

## <u>AFFIDAVIT OF SIOBHAN K. COLE</u>

I, Siobhan K. Cole, Esquire, hereby declare as follows:

1.    I am an attorney admitted to practice law in the State of New Jersey and the Commonwealth of Pennsylvania. I am a partner at White and Williams LLP and I was lead counsel of record for Crawl Space Door Systems, Inc. in the matter of <u>Smart Vent v. Crawl Space Doors</u> filed in the U.S. District Court for the District of New Jersey, Case No. 1:13-cv-5691. I make this Affidavit in support of White and Williams' Motion to Disqualify Duncan G. Byers, Esquire.

2.    I was introduced to Duncan Byers in or around April or May 2019 via a telephone conference initiated by William Sykes, the owner of Crawl Space.

3.    Mr. Sykes informed me that Mr. Byers was recently hired by the law firm of Patten Wornam Hatten & Diamondstein, which was a firm that Mr. Sykes had a long-standing

29150105v.1



relationship with and that Mr. Sykes and Mr. Byers were planning to file a lawsuit against Smart Vent in the Eastern District of Virginia.

4.  At the same time, Mr. Sykes informed me that due to Mr. Byers past employment experience in engineering fields, and the flat-fee agreement that Mr. Byers and Mr. Sykes negotiated, Mr. Sykes was also engaging Mr. Byers to consult and assist with certain issues in the case filed by Smart Vent in the District of New Jersey.

5.  Initially, Mr. Byers was tasked with reviewing the reports of both parties' engineering expert and helping to devise a strategy for motions *in limine* and trial.

6.  As part of that task Mr. Byers was provided with all of the expert reports in the District of New Jersey case, all of the motions *in limine* filed by the parties, all of the pre-trial filings submitted by both parties and numerous other case documents.

7.  In May and June of 2019, I was in frequent contact with Mr. Byers and Mr. Sykes about case strategy and trial preparation and Mr. Byers and I had numerous calls regarding the case.

8.  On July 14th and 15th 2019, Mr. Byers traveled to Philadelphia and spent two days in my office meeting with me and my partner Justin Proper, Esquire to work on our trial and expert strategy.

9.  In July, August, and September 2019 Mr. Byers had numerous meetings with all of the engineering experts in our case.

10.  Trial in the New Jersey case began on October 7, 2019.

29150105v.1

11.     In the lead-up to trial Mr. Byers was provided copies of all case filings including a list of all exhibits and was apprised of all witnesses and planned testimony.

12.     During the trial Mr. Byers was provided with daily transcripts of the trial testimony, which Mr. Byers read and gave input on frequently.

13.     After the close of trial in late October 2019, Mr. Sykes informed me that Mr. Byers would take the lead role in drafting all of Crawl Space Doors' post-trial motions and briefing, as well as responding to all motions and briefs filed by Smart Vent.

14.     Mr. Sykes indicated that he made this arrangement with Mr. Sykes due to their flat fee agreement.

15.     Between October and December 2019, Mr. Byers drafted Crawl Space's Motion for a New Trial on Damages and participated in the strategy for a motion for sanctions and responses to all of Smart Vent's post-trial motions.

**I declare under penalty of perjury that the foregoing is true and correct.**

Siobhan K. Cole, Esq.

Dated: July 14, 2022

29150105v.1